IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERNEST CALHOON,

        Plaintiff,

v.

RICHARD B. THIEROLF;
JACOBSON, THIEROLF AND
DICKEY, P.C.; DOES 1-100,

        Defendants.

No. 1:19-cv-00884-MC

OPINION & ORDER

McSHANE, District Judge.

      This matter comes before the Court on an Amended Motion to Dismiss filed by Defendants Richard B. Thierolf and Jacobson, Thierolf and Dickey, P.C. ECF No. 25. Pursuant to Local Rule 7-1(d)(1), the Court concludes that this matter is appropriate for resolution without oral argument. The claims brought by Plaintiff on behalf of the estates of his mother and grandparents are time-barred and Plaintiff has failed to state any claims in his individual capacity. The Motion to Dismiss is therefore GRANTED and this case is DISMISSED with prejudice.

## LEGAL STANDARD

      To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks

Page 1 – OPINION & ORDER

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## BACKGROUND

The facts of this case, as presented in the operative Second Amended Complaint ("SAC"), ECF No. 20, are disjointed and difficult to piece together into a comprehensible narrative. In general, this case appears to concern the initiation of a protective proceeding involving Plaintiff's maternal grandparents, Reuben Sylvester Warner and Myrtle Evelyn Warner, in the year 2000.

It generally appears that Walter Warner, who is referred to throughout the SAC as "Uncle Jim," initiated guardianship proceeding for his parents, Reuben Warner and Myrtle Warner. SAC ¶ 3. Defendants are alleged to have represented Reuben and Myrtle Warner in that proceeding. *Id.* at ¶ 6. Plaintiff alleges that Defendants contrived to avoid serving Plaintiff and his mother, Kandace Chalfant, with notice of the proceeding. *Id.* ¶ 3.

Kandace Chalfant, Plaintiff's mother, died on February 14, 2006. SAC ¶ 1. Plaintiff is the personal representative of Kandace Chalfant's estate. *Id.* Reuben Warner, Plaintiff's maternal grandfather, died on May 2, 2002. *Id.* Plaintiff is the personal representative of Reuben Warner's estate. *Id.* Myrtle Warner, Plaintiff's maternal grandmother, died on May 6, 2002. *Id.* The SAC alleges that Plaintiff is "expected to be personal representative" of Myrtle Warner's estate. *Id.* Plaintiff alleges that he learned of the events giving rise to his claims in 2018. *Id.*

## DISCUSSION

Plaintiff brings claims for "Deceit," SAC ¶¶ 25-26; "Conspiracy," *Id.* at ¶¶ 27-28; "Abuse of Process," *Id.* at ¶¶ 29-30; "Intentional/negligent infliction of emotional distress," *Id.* at ¶¶ 31-32; "42 U.S.C. 1983," *Id.* at ¶¶ 33-34; "Elder Abuse," *Id.* at ¶¶ 35-36; "Survival/Wrongful Death," *Id.* at ¶¶ 37-38; and "Professional Malpractice," *Id.* at ¶¶ 39-40. In general, Plaintiff appears to

bring his claims individually and as personal representative of the estates of Kandace Chalfant, Reuben Warner, and Myrtle Warner, although Plaintiff does not clearly delineate which claims are brought on his own behalf and which claims are brought on behalf of one or more of the estates. Defendants move to dismiss on the basis that Plaintiff has failed to state a claim.

I.   **All Claims Brought on Behalf of the Estates are Time-Barred**

Plaintiff seeks to bring claims on behalf of the estates of Reuben and Myrtle Warner and Kandace Chalfant for harms that occurred in 2000, during the lives of the decedents. Defendants assert that such claims are time-barred.

ORS 12.190 provides that "[i]f a person entitled to bring an action dies before the expiration of the time limited for its commencement, an action may be commenced by the personal representative of the person after the expiration of that time, *and within one year after the death of the person*." ORS 12.190(1) (emphasis added). In cases of survival actions, Oregon law likewise provides:

> Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, *or within three years by the personal representatives if not commenced prior to death.*

ORS 30.075(1) (emphasis added).

In the specific case of a claim for wrongful death, Oregon law provides that the action "shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, by the personal representative or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer." ORS 30.020(1). However, "[i]n no case may an action be

commenced later than the earliest of: (a) Three years after the death of the decedent; or (b) The longest of any other period for commencing an action under a stature of ultimate repose that applies to the act or omission causing the injury[.]" *Id.*

In this case, Plaintiff did not commence this action as personal representative of the estates until June 2019. Reuben and Myrtle Warner passed away in May 2002, more than seventeen years before this case was filed. Kandace Chalfant passed away in February 2006, more than thirteen years before this case was filed. This falls well beyond the time provided for commencing such actions, whether considered under ORS 12.190, 30.075, or 30.020.

Plaintiff contends that the appropriate limitations period is found in ORS 12.110, which runs for two years from "either the discovery of the injury or the date it should have been discovered." *Guiletti v. Oncology Assoc. of Oregon, P.C.*, 178 Or. App. 260, 264 (2001). Plaintiff contends that he did not discover the injury until 2018 and initiated this action within two years of that discovery.

This argument is unavailing. ORS 12.010 provides that actions "shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute*." (emphasis added). Accordingly, "where there is a different limitation prescribed by a statute outside of the confines of ORS chapter 12, then that statute will control." *Giulietti*, 178 Or. App. at 265. The limitations period in ORS 30.075 applies "to all personal injury action where the decedent dies before the action is brought" and "ORS 12.190 applies to all other actions where the decedent dies before the action is brought." *Giulietti*, 178 Or. App. at 266. In the specific case of wrongful death actions, "the discovery doctrine does not operate to extend the three-year limitation of ORS 30.020." *Western Helicopters,*

*Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1491 (D. Or. 1989) (citing *Eldridge v. Eastmoreland Gen. Hosp.*, 307 Or. 500, 504 (1989)).

Even under the most generous of the relevant statutes of limitation, the claims brought on behalf of the three estates could only have been commenced within three years of the death of the decedent. That time elapsed long before Plaintiff commenced this action. All claims brought on behalf of the estates of Reuben Warner, Myrtle Warner, and Kandace Chalfant are therefore time-barred and those claims are DISMISSED. As no amendment could remedy this defect, dismissal shall be with prejudice. Because the claims brought on behalf of the estates are not timely, the Court need not examine whether Plaintiff can represent those estates in a pro se capacity.[1]

## II.    Failure to State Individual Claims

As noted, Plaintiff does not clearly distinguish between claims brought in his individual capacity and claims brought in his capacity as personal representative of the estates. Although the SAC is not a model of clarity, the core of Plaintiff's individual claims is that he did not receive notice of the guardianship proceeding for his maternal grandparents. All of Plaintiff's individual claims against Defendants appear to derive from this alleged failure. As Defendants point out, Plaintiff has not alleged that he was *entitled* to notice of the guardianship proceedings.

ORS 125.060 provides that notice of the filing of a petition for appointment of a fiduciary or entry of other protective orders must be given by the petitioner to a specified list of persons, including:

(a) The respondent, if the respondent has attained 14 years of age.

---

[1] Plaintiff was previously a member of the Oregon State Bar and has submitted evidence that he was also admitted to practice before the United States District Court for the District of Oregon. Plaintiff acknowledges that he has long-since allowed his Oregon State Bar membership lapse but contends that he remains licensed to practice before this Court in a representative capacity. Plaintiff is incorrect on this point. "Admission to general practice, and continuing membership in the bar of this Court, is limited to attorneys of good moral character *who are active members in good standing with the Oregon State Bar*." Local Rule 83-2 (emphasis added). Notwithstanding Plaintiff's prior admission to practice before this Court, his admission lapsed when he ceased to be an active member of the Oregon State Bar.

>  (b) The spouse, parents and adult children of the respondent.
>  (c) If the respondent does not have a spouse, parent or adult child, the person or persons most closely related to the respondent.
>  (d) Any person who is cohabitating with the respondent and who is interested in the affairs or welfare of the respondent.
>  (e) Any person who has been nominated as fiduciary or appointed to act as fiduciary for the respondent by any court of any state, any trustee for a trust established by or for the respondent, any person appointed as a health care representative under the provisions of ORS 127.505 to 127.660 and any person acting as attorney-in-fact for the respondent under a power of attorney.
>  \*   \*   \*
>  (m) Any other person that the court requires.

ORS 125.060(2).

In this case, the allegedly defective notice concerned the guardianship of Plaintiff's maternal grandparents. On the face of the SAC, Plaintiff's grandparents had living children who were directly involved in the guardianship proceeding. Although Plaintiff alleges generally that he was interested in the affairs of his grandparents, he does not allege that he was cohabitating with them, nor does he allege that he meets the requirements of any other category of person entitled to notice. Indeed, Plaintiff acknowledges in the SAC that it was "discretionary" whether he would be given notice of the guardianship but alleges that he should have been given notice anyway. SAC ¶ 20. Plaintiff cannot base his claims on a failure to notify him of a proceeding to which he was not entitled to notice. Furthermore, Plaintiff does not clearly allege what harm he personally suffered from the allegedly defective notice, as distinct from harm suffered by his mother and grandparents.

Relatedly, claims for wrongful death and survival actions can only be maintained by the personal representative of an estate. *Kaady v. City of Sandy*, No. CV 06-1269-PK, 2008 WL 5111101, at *10 (D. Or. Nov. 26, 2008) ("Under Oregon's wrongful death statute [ORS 30.020], when an unlawful act leads to the death of a person, only the personal representative of the estate can bring an action for wrongful death."); ORS 30.075(1) ("Causes of action arising out of injuries

to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."). Plaintiff cannot, therefore, maintain these claims in his individual capacity.

The Court concludes that Plaintiff has failed to state a claim in his individual capacity and Defendants are entitled to dismissal. Plaintiff has twice amended his complaint and, although he is appearing *pro se*, Plaintiff is a licensed attorney in California. The Court has reviewed Plaintiff's response briefs, ECF No. 47, 48, 49, and finds no indication that Plaintiff can cure the deficiencies in the SAC.[2] To the extent that any party was harmed by Defendants' alleged wrongdoing, it would be the estates of Plaintiff's grandparents and, as previously discussed, those claims are time-barred. The Court concludes that it would be futile to allow leave to amend the pleadings for a third time, especially considering the irreparable deficiencies with respect to the claims brought in Plaintiff's capacity as the personal representative of the estates of his mother and grandparents. Dismissal shall therefore be with prejudice and without leave to amend.

## CONCLUSION

Defendants' Motion to Dismiss, ECF No. 25, is GRANTED and this case is DISMISSED with prejudice and without leave to amend. All other pending motions are DENIED as MOOT.

It is so ORDERED and DATED this 26th day of March 2021.

s/Michael J. McShane
MICHAEL McSHANE
United States District Judge

---

[2] Indeed, Plaintiff's Response makes the confusing argument that Defendants should be required to more clearly explain their claims, despite the fact that Defendants have not asserted any claims in this case. ECF No. 47, at 12 ("The court is asked to order the Defendants to be more precise in making their claims in all future filings.").